IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSTON, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 4:CV-14-2025 |
| | : |
| DAVID SPROUT, ET AL., | : (Judge Brann) |
| | : |
| Defendants | : |

**MEMORANDUM**

December 9, 2014

**Background**

Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se civil rights action. The Plaintiff has submitted a proper in forma pauperis application with the Court. For the reasons set forth below, Houston's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are Paralegal David Sprout; Attorney Angus Love; and Attorney Jennifer Tobin. Defendants Sprout and Love are described as being employed by the Lewisburg Prison Project while Tobin is listed as residing in

1

Philadelphia, Pennsylvania.[1]

The Complaint is a rambling narrative which at most times is illegible. There are no specific incidents of constitutional misconduct set forth in the Complaint. As such, the exact nature of Plaintiff's claims against the respective Defendants is unknown. However, it appears that Plaintiff is asserting that he is being subjected to racially motivated retaliatory mistreatment at USP-Lewisburg and has not been provided with any assistance by the Defendants. Houston seeks injunctive relief, specifically a directive that the Defendants "call here to speak to Mr. Houston now!" Doc. 1, p. 1.[2]

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B)

---

[1] The Lewisburg Prison Project is affiliated with the Pennsylvania Institutional Law Project.

[2] Also accompanying the Complaint is a motion by Houston that the Federal Bureau of Investigation be similarly directed to speak with him regarding his allegations of mistreatment. See Doc. 2.

2

>   the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

**Color of Law**

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Plaintiff raises no allegations that any of the above listed Defendants were acting under color of state or federal law. Attorney Love is employed by the Pennsylvania Institutional Law Project. See Disability Rights Network of Pennsylvania v. Wetzel, Civil No. 1:13-CV-636 (M.D. Pa.) (Jones, J.). Attorney Tobin was previously employed by the Pennsylvania Institutional Law Project and is now in private practice. See Chappelle v. Varano, et al., Civil No. 4:11-CV-304 (M.D. Pa.)(Brann, J.), Doc. 61. Houston's Complaint and the website for the Pennsylvania Institutional Law Project indicate that Paralegal Sprout is likewise employed by that organization.[3]

The Pennsylvania Institutional Law Project is a non-profit legal aid organization that provides civil legal services to prisoners and institutionalized

---

[3] See http://www.pailp.org

persons in Pennsylvania. See id. at Doc. 5. Thus, it is clear that none of the Defendants were employed by any federal or state governmental entity.

It is well-settled that public defenders and court appointed counsel do not act under color of state law for purposes of civil rights liability when performing a traditional lawyer's functions. Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982); Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does act under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The allegations against the Defendants are entirely premised on their apparent decision not to provide representation to the Plaintiff. Thus, under the standards announced in Polk and Black, the Defendants were not acting under color of law. Since there is no basis whatsoever for a claim that any of the named Defendants were acting under color of law, they are not properly named defendants in a civil rights action.

**Personal Involvement**

In order to set forth a viable civil rights claim, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences giving rise to the assertion of constitutional misconduct.

See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Allegations of participation or actual knowledge and acquiescence in constitutional misconduct must be made with appropriate particularity. Based upon the criteria set forth in Rode, the personal involvement requirement has not been sufficiently satisfied by Houston, since there are no discernible allegations raised which could support a claim that any of the Defendants engaged in any conduct which violated the Plaintiff's constitutional rights. It is additionally noted that prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).[4]

**Conclusion**

---

[4] This Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).

Since Plaintiff's pending civil rights action does not name proper Defendants and his claims are "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

                BY THE COURT:

                <u>  s/ Matthew W. Brann     </u>
                Matthew W. Brann
                United States District Judge